The Honorable W.R. (Bud) Rice State Representative P.O. Drawer "H" Waldron, AR 72958
Dear Representative Rice:
This is in response to your request for an opinion, on behalf of a constitutent, as to whether Scott County Ordinance No. 92-2 is contrary to the laws of this state. The ordinance proposes to establish a county-wide solid waste management program and to impose a $5.00 per month fee for the service which will be assessed upon each household in the county. Fees which are delinquent more than ninety days are to be entered on the county tax records to be collected by the county with personal property taxes. The ordinance requires the collector to accept no payment of any property taxes where any solid waste management fees or charges appear on the county tax records of the taxpayer unless the fees and service charges due are also collected. Fees and service charges which remain unpaid after the time other property taxes are due will constitute a lien on the real and personal property of the taxpayer.
Your constitutent has asked in a letter attached to your request "whether the county has overstepped its legal bounds in making payment for the service mandatory whether one participates or not." Your constitutent states that a major concern is that the ordinance provides for a lien against the property of individuals not paying the charge imposed by the ordinance, even where the individual may be using and paying for a private collection service.
It is my opinion that Scott County Ordinance No. 92-9 appears to be a lawful exercise of the quorum court's legislative authority and therefore is not contrary to the laws of this state.
The relevant statutory scheme is the "Arkansas Solid Waste Management Act", A.C.A. §§ 8-6-201—221 (1987 Cum. Supp. 1991), which requires counties to provide for the disposal of solid wastes and allows them to charge fees in order to do so. A.C.A. §8-6-212(a)(1) (b) (Cum. Supp. 1991). The State of Arkansas has also authorized counties to operate waste disposal facilities and to collect fees for the operation of such facilities. A.C.A. §§14-232-103 and -110 (1987). Section 8-6-212(b) states in pertinent part that:
 (B)(1)(a) a COUNTY GOVERNMENT MAY COLLECT THEIR FEES AND SERVICE charges through either their own system of periodic billing or by entering the fees and service charges on the tax records of the county and then collecting the fees and service charges with the personal property taxes on an annual basis.
 (B) Further, any fees and service charges billed periodically by the county which are more than ninety (90) days delinquent on November 1 of each year may be entered on the tax records of the county as a delinquent periodic fee or service charge and may be collected by the county with personal property taxes.
 (C) No county collector of taxes shall accept payment of any property taxes where annual fees and service charges or delinquent periodic fees and service charges appear on the county tax records of a taxpayer unless the fees and service charges due are also receipted.
* * *
 (3) Annual fees and service charges or the delinquent periodic fees and service charges which remain unpaid after the time other property taxes are due shall constitute a lien on the real and personal property of a taxpayer which may be enforced against such property by an action in chancery court.
Additionally, § 14-232-110(b) provides:
 Counties and municipalities are hereby authorized to impose upon and collect from all persons who can be served by a project reasonable rates and charges for the services or the project, without regard to whether such person desires to utilize the services.
[Emphasis added.]
Reference should also be made to Op. Att'y Gen. 90-286, a copy of which is enclosed, in which it was noted that a case involving a similar issue was addressed in Lutrell v. Francis (No. E-87-128, Hot Spring County Chancery Court, October 27, 1987). The Chancellor in that case specifically held that a county ordinance which provided that collecting a thirty-six dollar fee for solid waste management services along with personal property taxes was lawful. See paragraphs 2 and 4 of the Order of the Court (copy enclosed), and the October 14, 1987, opinion letter to counsel (copy also enclosed). To our knowledge, this decision has not been appealed. Although this case is not controlling in Scott County, the court's reasoning is persuasive and I believe the ruling would, in all likelihood, be echoed with respect to the ordinance in question.
The provisions of the proposed Scott County ordinance appear to fall within the county's grant of authority under § 8-6-209 and the ordinance therefore appears to be a lawful exercise of the quorum court's legislative authority. I cannot conclude in this instance that passage of such an ordinance is inconsistent with state law.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosures